UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

EDWARD A. SLINGBAUM P.O.A.              18-CV-47-LJV-MJR
FOR WALTER M. KIRBY JR. and             REPORT AND RECOMMENDATION
EDWARD A. SLINGBAUM INDIVIDUALLY,

                    Plaintiffs,

        -v-

M&T BANK CORP. and
CEO ROBERT G. WILMERS,

                    Defendants.
_____

        This case has been referred to the undersigned by the Hon. Lawrence J. Vilardo

pursuant to 28 U.S.C. §636(b)(1) for all pre-trial matters and to hear and report upon

dispositive motions.  (Dkt. No. 3).  M&T Bank Corp. ("M&T Bank" or the "Bank") and M&T

Bank's former CEO, Robert G. Wilmers,[1] (collectively, "defendants") move to dismiss the

*pro se* complaint filed by Edward A. Slingbaum on his own behalf and on behalf of Walter

M. Kirby Jr. under certain powers of attorney (collectively, "plaintiffs") for lack of subject

matter jurisdiction and failure to state a claim upon which relief can be granted.  (Dkt. No.

2).[2]  The Court heard oral argument on the motion on April 30, 2018.[3]

---

[1]     Defendants state that Wilmers passed away on December 16, 2017, prior to the commencement
of this action.
[2]     As set forth herein, plaintiffs' complaint should be dismissed for lack of subject matter jurisdiction.
Even if the Court had subject matter jurisdiction over the action, any claims brought by Slingbaum on behalf
of Kirby would be subject to dismissal because "[f]ederal courts have rejected the notion that an agent with
power of attorney may appear *pro se* on behalf of [his] principal."  *Megna v. U.S. Dep't of the Navy*, 317 F.
Supp. 2d 191, 192 (E.D.N.Y. 2004); *see also DePonceau v. Pataki*, 315 F. Supp. 2d 338, 341-42 (W.D.N.Y.
2004) (same).
[3]     Plaintiffs did not appear for oral argument.

## **BACKGROUND**

The relevant allegations from plaintiffs' complaint (Dkt. No. 1), including the exhibits attached thereto, are as follows.

Edward Slingbaum resides in Pennsylvania while Walter Kirby is incarcerated in Florida. (Dkt. No. 1 at 2, 23).[4] Slingbaum assists Kirby with his affairs, and at some point in time, Slingbaum helped Kirby sell a piece of land in Florida for approximately $21,000. (*Id.* at 2). Kirby authorized Slingbaum to deposit the sale proceeds into a new account at an M&T Bank branch in Elizabethtown, Pennsylvania, where Slingbaum maintained a checking account of his own. (*Id.* at 2, 29-31). On October 10, 2017, Slingbaum opened an account on behalf of Kirby using two powers of attorney from Kirby, one dated August 20, 2013 and the other dated June 27, 2017. (*Id.* at 2, 8-15). Unbeknownst to Slingbaum or Kirby, the June 27, 2017 power of attorney includes a provision prohibiting Slingbaum from withdrawing funds for his own use or transferring funds without Kirby's written approval. (*Id.* at 2, 15).

After Slingbaum opened the Kirby account and deposited the land sale proceeds into it, a six day hold was placed on the account. (*Id.* at 2). Once the Bank lifted the hold, Slingbaum wrote a check for $10,000 from the Kirby account and deposited the check into his own checking account at the Bank. (*Id.*). A few days later, Slingbaum wrote a check for $1,500 from the Kirby account, deposited the check into his own checking account, and began spending the funds. (*Id.* at 2-3). Slingbaum attempted to cash another check at the Bank on October 24, but the Bank advised him that its "backroom" had placed a hold on the Kirby account due to the Bank's uncertainty regarding the validity

---

[4]        Page number citations for docketed items refer to the page number(s) assigned by CM/ECF.

of the powers of attorney that were used to open the Kirby account.  (*Id.* at 3).  The Bank also informed Slingbaum that it had reversed the $1,500 deposit he had made a few days earlier, which Slingbaum alleges caused his personal account at the Bank to become overdrawn.  (*Id.* at 3, 26).

After not hearing from the Bank over the next two weeks, Slingbaum and Kirby decided to close the Kirby account, but the Bank advised Slingbaum that it could not close the account until its attorneys completed a review of the dispute.  (*Id.* at 3).  Slingbaum offered the Bank a third power of attorney, but the Bank refused to honor it.  (*Id.*).  On November 6, a regional manager at the Bank told Slingbaum that the Bank would mail Kirby a letter asking him to confirm that he had authorized Slingbaum to exercise control over the Kirby account.  (*Id.* at 3-4).  However, the Bank put the wrong address on this letter and neglected to mail it right away.  (*Id.* at 4).  Around this time, Kirby sent the Bank a sworn affidavit giving Slingbaum complete control over the Kirby account, but the Bank refused to honor the affidavit.  (*Id.* at 4, 23-24).

Meanwhile, Slingbaum wrote a letter regarding the dispute to M&T Bank's former CEO, Robert Wilmers, and filed complaints with various federal and state regulatory bodies.  (*Id.* at 4, 25-29).  On December 12, a customer service representative at the Bank sent Slingbaum a letter acknowledging his complaints and explaining that the Bank froze the Kirby account due to inconsistencies within the power of attorney forms.  (*Id.* at 29).  The customer service representative further explained that the Bank mailed Kirby a form asking him to confirm that he granted Slingbaum authority over the Kirby account, and once the Bank heard back from Kirby, it would unfreeze the account.  (*Id.*).  Kirby received the form from the Bank on December 12 and mailed a response back the next

day confirming that Slingbaum could exercise control over the Kirby account.  (*Id.* at 4-5, 30-31).  On December 18, the Bank closed the Kirby account and gave Slingbaum a check for the remaining balance.  (*Id.* at 5).  Plaintiffs thereafter commenced the instant action.

Plaintiffs allege in their complaint that defendants' purported misconduct violates "the Fiduciary Rules and Laws," "the Judiciary Laws s.487," and "the laws regarding Fiduciary Duties."  (*Id.* at 5-6).  Plaintiffs seek compensatory damages of $5,000 representing "fees charged by [the Bank], the amount of effort and time the Plaintiffs expended for over 2 months to get their rightful funds, and . . . interest that would have been earned had the funds been invested as the Plaintiffs had intentions of doing."  (*Id.* at 6).  Plaintiffs also seek "Punitive Treble Damages as the Court deems fit in order to impress upon the Defendant that an institution such as the Defendant cannot simply treat customers such as the Plaintiffs have been treated without any respect to their funds being available to them."  (*Id.*).

Defendants filed the instant motion to dismiss in lieu of answering the complaint. (Dkt. No. 2).  Defendants argue that plaintiffs' complaint should be dismissed for lack of subject matter jurisdiction under Federal Rule of Civil Procedure ("Rule") 12(b)(1) because it does not raise a federal question and the amount in controversy does not exceed $75,000.  (*Id.* at 7-10).  In the alternative, defendants argue that the complaint should be dismissed for failure to state a claim under Rule 12(b)(6) because the complaint fails to identify a specific legal theory of recovery and does not state a plausible claim for relief.  (*Id.* at 11).

**DISCUSSION**

I.    *Rule 12(b)(1)*

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Luckett v. Bure*, 290 F.3d 493, 496 (2d Cir. 2002) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)).  Subject matter jurisdiction exists, generally, only when a federal question is presented, *see* 28 U.S.C. §1331, or when plaintiffs and defendants are of diverse citizenship and the amount in controversy exceeds $75,000, *see* 28 U.S.C. §1332(a).  "[T]he plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Hamm v. United States*, 483 F.3d 135, 137 (2d Cir. 2007) (quoting *Luckett*, 290 F.3d at 496-97).  "In resolving a motion to dismiss under Rule 12(b)(1), the district court must take all uncontroverted facts in the complaint . . . as true, and draw all reasonable inferences in favor of the party asserting jurisdiction." *Fountain v. Karim*, 838 F.3d 129, 134 (2d Cir. 2016) (quoting *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014)).  "[T]he court may resolve the disputed jurisdictional fact issues by referring to evidence outside of the pleadings, such as affidavits, and if necessary, hold an evidentiary hearing." *Id.* (alteration in original) (quoting *Zappia Middle E. Constr. Co. v. Emirate of Abu Dhabi*, 215 F.3d 247, 253 (2d Cir. 2000)).

Federal question jurisdiction is lacking here because the gist of plaintiffs' complaint is that defendants breached their fiduciary duties to plaintiffs, and fiduciary duty claims generally arise under state law, not federal law.  *See Curiale v. Reissman*, 798 F. Supp. 141, 145-46 (S.D.N.Y. 1992).  Plaintiffs also allege in their complaint that defendants

violated Judiciary Law §487, but that statute is a New York state statute that does not give rise to a federal question. Diversity jurisdiction is lacking here as well because plaintiffs' alleged damages — compensatory damages of $5,000 and "punitive treble damages" of that amount — fall well short of the $75,000 threshold required for federal diversity jurisdiction. *See* 28 U.S.C. §1332(a).

Plaintiffs' contention in their response brief (Dkt. No. 4) that the Court has jurisdiction under 28 U.S.C. §§1337, 1348 and 12 C.F.R. §§9.5-9.7 lacks merit. Section 1337 gives federal district courts original jurisdiction over "any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies," but this case does not involve an Act of Congress regarding commerce or trade. Section 1348 gives federal district courts original jurisdiction over certain actions brought by and against national banking associations, but M&T Bank is not a national banking association. (*See* Dkt. No. 5 (Defendants' Reply Memorandum) at 2-3 ("M&T Bank . . . is not a national banking association, but rather is a bank chartered under the laws of the State of New York.")). Finally, 12 C.F.R. §§9.5-9.7 do not provide a basis for jurisdiction because these regulations concern the fiduciary activities of national banks, and once again, M&T Bank is not a national bank.

Accordingly, because the Court lacks subject matter over this action, plaintiffs' complaint should be dismissed without prejudice under Rule 12(b)(1). *See Katz v. Donna Karan Co.*, 872 F.3d 114, 116 (2d Cir. 2017) ("[A] complaint must be dismissed *without prejudice* where the dismissal is due to the court's lack of subject matter jurisdiction . . . .") (emphasis added).

II.    *Rule 12(b)(6)*

To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.* (quoting *Twombly*, 550 U.S. at 556).  On a Rule 12(b)(6) motion, the Court accepts all factual allegations in the complaint as true, drawing all reasonable inferences in the plaintiff's favor.  *Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012).  In addition, where, as here, the plaintiffs are proceeding *pro se*, the complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) ("It is well established that the submissions of a *pro se* litigant must be construed liberally and interpreted to raise the strongest arguments that they *suggest*.") (quoting *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006)).

Defendants argue that plaintiffs' complaint should be dismissed under the foregoing standard because it fails to identify a specific legal theory of recovery and does not state a plausible claim for relief.  Liberally construing the complaint, it seems that plaintiffs are attempting to assert a common law breach of fiduciary duty claim.  However,

given that subject matter jurisdiction is plainly lacking here, the Court need not consider whether or not plaintiffs have stated a claim for relief.  *See SEC v. Rorech*, 673 F. Supp. 2d 217, 220-21 (S.D.N.Y. 2009) ("When presented with motions under both Federal Rule of Civil Procedure 12(b)(1) to dismiss for lack of subject matter jurisdiction and Rule 12(b)(6) to dismiss for failure to state a claim upon which relief can be granted, the Court must first analyze the Rule 12(b)(1) motion to determine whether the Court has the subject matter jurisdiction necessary to consider the merits of the action.").

## CONCLUSION

For the foregoing reasons, it is recommended that defendants' motion to dismiss the complaint (Dkt. No. 2) be granted and plaintiffs' complaint be dismissed without prejudice under Rule 12(b)(1) for lack of subject matter jurisdiction.

Pursuant to 28 U.S.C. §636(b)(1), it is hereby ORDERED that this Report and Recommendation be filed with the Clerk of Court.

Unless otherwise ordered by Judge Vilardo, any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of service of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a), and 6(d) of the Federal Rules of Civil Procedure, and Local Rule of Civil Procedure 72. Any requests for an extension of this deadline must be made to Judge Vilardo.

*Failure to file objections, or to request an extension of time to file objections, within fourteen days of service of this Report and Recommendation WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER.* See Small v. Sec'y of Health & Human Servs., 892 F.2d 15 (2d Cir. 1989).

The District Court will ordinarily refuse to consider *de novo* arguments, case law, and/or evidentiary material which could have been, but were not, presented to the Magistrate Judge in the first instance. *See Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.,* 840 F.2d 985, 990-91 (1st Cir. 1988).

Pursuant to Local Rule of Civil Procedure 72(b), written objections "shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority." ***Failure to comply with these provisions may result in the District Court's refusal to consider the objection.***

**SO ORDERED**.

Dated:     May 3, 2018
           Buffalo, New York

                              */s/ Michael J. Roemer*
                              MICHAEL J. ROEMER
                              United States Magistrate Judge